UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JADE PERDOMO,                                           )
                                                         )
                                                         )       **SECOND AMENDED**
                            Plaintiff,                   )       **COMPLAINT**
                                                         )
     -against-                                           )       **JURY TRIAL DEMANDED**
                                                         )
THE CITY OF NEW YORK; POLICE                             )       20 Civ. 7195 (ALC) (BCM)
SERGEANT "FNU" [First Name Unknown]                      )
WILLIS; POLICE SERGEANT "FNU" LEE;                       )
JOHN DOE # 1 (a male African-American officer);          )
JOHN DOE # 2 (a female African-American                  )
officer); POLICE OFFICER TAMIKA CIRINO;                  )
POLICE OFFICER GREGORY MADREY;                           )
POLICE OFFICER KAMARI JACKSON; POLICE                    )
OFFICER RENE CASTRO; POLICE OFFICER                      )
CHRISTOPHER VOLZ; POLICE SERGEANT                        )
CHRISTIAN PINARD; CAPTAIN LAPKEUNG                       )
LEE; DETECTIVE JACLYN RODNEY (formerly                   )
Police Officer Jaclyn O'Sullivan, Shield No. 21628;      )
JOHN DOES; and RICHARD ROES,                             )
                                                         )
                            Defendants.                  )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil action in which the plaintiff, JADE PERDOMO, seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth, Fifth, Sixth, and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## NOTICE OF CLAIM

5. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on September 8, 2017, within 90 days of the dismissal of the family court charges complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

6. Plaintiff was at all times relevant herein a resident of the State of New York.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and

for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendants POLICE SERGEANT "FNU" [First Name Unknown] WILLIS; POLICE SERGEANT "FNU" LEE; JOHN DOE # 1 (a male African-American officer); JOHN DOE # 2 (a female African-American officer); POLICE OFFICER TAMIKA CIRINO; POLICE OFFICER GREGORY MADREY; POLICE OFFICER KAMARI JACKSON; POLICE OFFICER RENE CASTRO; POLICE OFFICER CHRISTOPHER VOLZ; POLICE SERGEANT CHRISTIAN PINARD; CAPTAIN LAPKEUNG LEE; DETECTIVE JACLYN RODNEY; and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants POLICE SERGEANT "FNU" [First Name Unknown] WILLIS; POLICE SERGEANT "FNU" LEE; JOHN DOE # 1 (a male African-American officer); JOHN DOE # 2 (a female African-American officer); and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE SERGEANT "FNU" [First Name Unknown] WILLIS; POLICE SERGEANT "FNU" LEE;

JOHN DOE # 1 (a male African-American officer); JOHN DOE # 2 (a female African-American officer); POLICE OFFICER TAMIKA CIRINO; POLICE OFFICER GREGORY MADREY; POLICE OFFICER KAMARI JACKSON; POLICE OFFICER RENE CASTRO; POLICE OFFICER CHRISTOPHER VOLZ; POLICE SERGEANT CHRISTIAN PINARD; CAPTAIN LAPKEUNG LEE; DETECTIVE JACLYN RODNEY; and JOHN DOES are sued individually.

9. Defendants POLICE SERGEANT "FNU" [First Name Unknown] WILLIS; POLICE SERGEANT "FNU" LEE; POLICE SERGEANT CHRISTIAN PINARD; CAPTAIN LAPKEUNG LEE; and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants POLICE SERGEANT "FNU" [First Name Unknown] WILLIS; POLICE SERGEANT "FNU" LEE; and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE SERGEANT "FNU" [First Name Unknown] WILLIS; POLICE SERGEANT "FNU" LEE; POLICE SERGEANT CHRISTIAN PINARD; CAPTAIN LAPKEUNG LEE; and RICHARD ROES are sued individually.

**STATEMENT OF FACTS**

10. On March 24, 2017, approximately 2:45 p.m., Plaintiff – who was then fifteen years old – arrived via a taxi at 220 E. 102nd Street, between 2nd and 3rd Avenues, in Manhattan.

11. Plaintiff had called her mother and told her mother that she would be soon arriving in the taxi.

12. Plaintiff had been away for a few days, which had caused her mother worry.

13. Plaintiff's mother had, unbeknownst to Plaintiff, prior to Plaintiff's arrival at that location, gone to a local NYPD precinct to report that Plaintiff was missing, and Plaintiff's mother also had called the NYPD to tell them that Plaintiff was *en route* to the location, and to ask them to send a police car to the location to render assistance to Plaintiff and to ask Plaintiff where she had been.

14. Approximately five minutes after her arrival JOHN DOE # 1 (a male African-American officer), on information and belief Defendant OFFICER MADREY, and JOHN DOE # 2 (a female African-American officer), on information and belief Defendant OFFICER CIRINO, also arrived there.

15. JOHN DOE # 1 and JOHN DOE # 2 were uniformed police officers, who arrived in the same marked NYPD car.

16. JOHN DOE # 1 told Plaintiff's mother, with annoyance, that he did not understand what Plaintiff's mother wanted him to do for her.

17. When JOHN DOE # 1 and JOHN DOE # 2 arrived, Plaintiff was yelling at her mother.

18. JOHN DOE # 1 got close to Plaintiff and got in Plaintiff's face, and told Plaintiff to stop addressing her mother like that.

19. Plaintiff told JOHN DOE # 1, in sum and substance, "shut the fuck up nigger" and / or "get out of my face nigger."

20. Upon hearing Plaintiff say this, JOHN DOE # 1 yelled "don't call me nigger," and flew

into a rage.

21. JOHN DOE # 1 threw Plaintiff multiple times into the NYPD car, slamming Plaintiff's head multiple times into the car, including into its rear view mirror, and causing injury to Plaintiff's eye.

22. Plaintiff had not done anything physically aggressive to JOHN DOE # 1, and there was no basis for him to use any force upon Plaintiff.

23. After slamming Plaintiff's head multiple times into the rear view mirror, JOHN DOE # 1 got on top of Plaintiff on the ground and began hitting Plaintiff.

24. JOHN DOE # 2 joined in, and - while JOHN DOE # 1 was on top of Plaintiff - smacked Plaintiff in the face, causing blood to gush from Plaintiff's mouth.

25. JOHN DOE # 1 was a large, powerful man.

26. Plaintiff at the time was 5'3" tall, and was morbidly obese.

27. Plaintiff had difficulty breathing while JOHN DOE # 1, who was much larger than her, was on top of her.

28. Plaintiff was yelling "help" while JOHN DOE # 1 was on top of her.

29. JOHN DOE # 1 and JOHN DOE # 2 handcuffed Plaintiff.

30. The handcuffs were placed on Plaintiff with an excessive and punitive tightness.

31. Plaintiff was crying in pain from the handcuffs.

32. Both JOHN DOE # 1 and JOHN DOE # 2 hit Plaintiff multiple times.

33. Other JOHN DOES members of the NYPD - on information and belief including Defendants JACKSON, CASTRO, and VOLZ - had by that time arrived at the scene, and approximately six JOHN DOES picked Plaintiff up, and dragged Plaintiff and threw her into an NYPD car.

34. Present on the scene just after the incident was Defendant Sergeant WILLIS, who may have been among the JOHN DOES who dragged Plaintiff and threw her into the NYPD car.

35. After some time in the NYPD car at the scene, Plaintiff was transferred to an ambulance that had arrived at the scene, which took Plaintiff to Metropolitan Hospital.

36. Plaintiff was brought to Metropolitan Hospital by Defendant DETECTIVE RODNEY (who at that time was a Police Officer O'Sullivan, Shield No. 21628) and another JOHN DOE officer, who also did not adjust the excessively tight handcuffs.

37. Plaintiff complained multiple times, both at the scene and in the police car, about the excessive and painful tightness of the handcuffs, but no member of the NYPD did anything to adjust the handcuffs or to alleviate her pain.

38. Plaintiff remained in the excessively tight handcuffs for a couple of hours, until they were removed at Metropolitan hospital.

39. Plaintiff spent the next six days at Metropolitan Hospital, during which time she was treated for the physical injuries the Defendants inflicted upon her, including receiving an MRI in relation to her eye injury.

40. Plaintiff also suffered headaches as a result of the beating she had sustained.

41. Plaintiff remained in police custody the entire six days she was at Metropolitan Hospital.

42. Plaintiff's mother was unable to visit her at Metropolitan Hospital during her six days in NYPD custody there without first obtaining a pass from a local NYPD precinct.

43. During the six days Plaintiff was at Metropolitan Hospital Defendant LEE questioned Plaintiff on two separate occasions about the incident, and did so outside of the presence of, and without attempting to notify, and without obtaining the permission of, Plaintiff's parent or guardian.

44. Plaintiff requested to Defendant LEE that her mother be present for any questioning of her, but Defendant LEE questioned Plaintiff anyway outside of the presence of her mother, and outside of the presence of legal counsel.

45. Plaintiff has a learning disability, which affects her comprehension and makes it

difficult for her to answer questions.

46. When Plaintiff was questioned by Defendant LEE she was reading at a grade level that was a number of grade levels below the grade level appropriate for her age.

47. It would have been readily obvious to any police official that Plaintiff - then fifteen years old and plainly unsophisticated - needed the assistance of a parent or guardian to understand Miranda warnings and to answer questions by the police the answers to which could have placed her in legal jeopardy.

48. The NYPD Patrol Guide requires Miranda warnings for anyone under 18 to be read while the parent/guardian is present, and only permits a child to be questioned by a member of the NYPD without a parent or guardian present if "every reasonable effort" has been made to notify them, or if there is extreme necessity for questioning at the time, and / or the police have considered the "ability of the juvenile to understand Miranda warnings."

49. Defendant LEE pressed Plaintiff to answer his questions concerning the incident regarding which she faced legal jeopardy.

50. Defendant LEE's conduct and the circumstances under which Plaintiff was questioned – including being held in NYPD custody in a locked hospital ward - coerced Plaintiff into giving statements concerning the incident regarding which she faced legal jeopardy.

51. Defendant LEE's conduct and the circumstances under which Plaintiff was questioned made Plaintiff feel that she had no choice but to answer Defendant Sergeant LEE's questions concerning the incident regarding which she faced legal jeopardy.

52. On March 30, 2017 Plaintiff was issued an Appearance Ticket – Family Court, directing her to appear in Family Court on April 3, 2017.

53. That Appearance Ticket – Family Court was signed and issued by, on information and belief, either JOHN DOE # 1 or JOHN DOE # 2 (the signature cannot be deciphered).

54. On April 3, 2017 Plaintiff was issued a General Appointment Letter from the City of

New York Department of Probation Manhattan Family Intake & Services, scheduling Plaintiff to report to them on April 10, 2017 for an interview concerning Plaintiff's arrest.

55. On April 10, 2017 Plaintiff received a Rescheduling Notice from the New York City Law Department, informing Plaintiff that the Law Department was deciding whether to file a case against her, and notifying her to return to Family Court on April 26, 2017.

56. On April 26, 2017 the Law Department was still deciding whether to file a case against Plaintiff.

57. False charges were lodged against Plaintiff in Family Court, on information and belief accusing Plaintiff of, *inter alia*, assaulting JOHN DOE # 2.

58. On July 13, 2017 these false charges that were lodged against Plaintiff in Family Court were all dismissed (when the New York City Law Department issued a Notice of Declination with regard to the false charges that were lodged against Plaintiff).

59. Defendant OFFICER JACKSON is listed as the arresting officer on the NYPD arrest report.

60. Defendant SERGEANT PINARD is listed as the "Supervisor Approving" on the NYPD arrest report, and states on the Aided Report the he believes that Defendant Officer MADREY's "Actions Were in Compliance with Department Procedures."

61. The NYPD arrest report and complaint reports, and an NYPD Aided Report, contain outlandish and false allegations that two members of the NYPD (whose identities are not provided) were attacked and injured by Plaintiff while Plaintiff was trying to bang her own head on the pavement and on an NYPD vehicle, and that Plaintiff damaged the sideview mirror of a police car by kicking it.

## **FIRST CLAIM**

### **DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

62. The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

63. By their conduct and actions in unlawfully assaulting and battering plaintiff, falsely arresting and imprisoning plaintiff, unlawfully seizing plaintiff, violating and retaliating for the exercise of First Amendment rights of plaintiff, abusing process against plaintiff, maliciously prosecuting plaintiff, fabricating evidence against plaintiff, questioning plaintiff outside of the presence of her parent or guardian or an attorney, failing to intercede on behalf of the plaintiff, and in failing to protect the plaintiff from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants POLICE SERGEANT "FNU" [First Name Unknown] WILLIS; POLICE SERGEANT "FNU" LEE; JOHN DOE # 1 (a male African-American officer); JOHN DOE # 2 (a female African-American officer); POLICE OFFICER TAMIKA CIRINO; POLICE OFFICER GREGORY MADREY; POLICE OFFICER KAMARI JACKSON; POLICE OFFICER RENE CASTRO; POLICE OFFICER CHRISTOPHER VOLZ; POLICE SERGEANT CHRISTIAN PINARD; CAPTAIN LAPKEUNG LEE; DETECTIVE "FNU" RODNEY; and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth, Sixth, and Fourteenth amendments.

64. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

65. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

66. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants POLICE SERGEANT "FNU" [First Name Unknown] WILLIS; POLICE SERGEANT "FNU" LEE; POLICE SERGEANT CHRISTIAN PINARD; CAPTAIN LAPKEUNG LEE; and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth, Sixth, and Fourteenth amendments.

67. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

68. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

69. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional

conduct alleged herein.

70. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

71. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force by members of the NYPD.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

72. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

73. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of

and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

74. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of questioning minors outside of the presence of their parents or legal guardians or legal counsel. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

77. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

78. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

79. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat

superior.

80. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

81. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

82. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

83. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## UNLAWFUL INTERROGATION

84. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

85. Plaintiff was under 16 years of age when she was arrested.

86. Accordingly, defendants were obligated to follow the provisions of New York Family Court Act § 305.2.

87. Defendants violated Family Court Act § 305.2 by, among other things, holding her in their custody without access to her mother, and by questioning her without her mother present and without properly notifying her mother.

88. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the Plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:        New York, New York
              August 18, 2021

                                                    /S/   Jeffrey A. Rothman
                                                  JEFFREY A. ROTHMAN, Esq.
                                                  Law Office of Jeffrey A. Rothman
                                                  305 Broadway, Suite 100
                                                  New York, New York 10007
                                                  (212) 227-2980

                                                  Attorney for Plaintiff